**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4192**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN THOMAS NELON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:10-cr-00041-MFU-1)

Submitted: September 19, 2018                    Decided: September 21, 2018

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Charlottesville, Virginia, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Thomas Nelon, Jr., appeals the eight-month sentence imposed upon the revocation of his supervised release. Nelon contends that the district court imposed a plainly unreasonable sentence, primarily because the sentence was greater than necessary to satisfy the statutory purposes of sentencing. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and is not "plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making this determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012) (listing statutory factors applicable to revocation context). "And a revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alterations and internal quotation marks omitted). We presume

2

that a sentence within the applicable Guidelines policy statement range is substantively reasonable. *United States v. Gibbs*, 738 F.3d 199, 204 (4th Cir. 2018).

Here, the district court correctly calculated Nelon's policy statement range and sentenced him within that range and the applicable statutory maximum. The court considered the parties' arguments and Nelon's lengthy allocution and provided a reasoned explanation for the sentence it imposed, grounded in the applicable § 3553(a) factors.

Nelon argues that his eight-month term of imprisonment was plainly unreasonable, as his violations were not willful, and a term of intensive supervision in a halfway house would have been sufficient to satisfy the applicable § 3553(a) factors. Nelon asserts that his violations indisputably resulted from his drug addiction and were otherwise explained by his difficulty in obtaining transportation. We conclude, however, that Nelon fails to rebut the presumption of substantive reasonableness accorded his sentence.

Nelon's addiction and transportation difficulties no doubt contributed to his postrelease conduct, but the district court permissibly concluded that these circumstances did not fully mitigate his responsibility for his violations. Notably, the probation officer testified that he could have assisted Nelon in obtaining transportation and job placement had Nelon kept the probation officer apprised of his whereabouts.

Nelon's argument also overlooks the more flagrant conduct underlying his violations. The court acknowledged Nelon's struggle with drug abuse and transportation difficulties but emphasized Nelon's need for deterrence in light of his failure to meaningfully comply with his supervision requirements and his unauthorized

disappearance. *See* 18 U.S.C. §§ 3553(a)(1), (2)(B), 3583(e). The court also appropriately focused on Nelon's breach of its trust in failing to take advantage of treatment opportunities offered as an alternative to revocation and, instead, absconding from supervision. *See Webb*, 738 F.3d at 641 (recognizing that revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)). Considering the totality of the circumstances, we conclude that the district court acted within its discretion in determining that a sentence of imprisonment at the middle of the policy statement range was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*